## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No.

TYLER M. SLANKARD, an individual

      Plaintiff,

vs.

HCA HEALTHCARE, LLC d/b/a HEALTHONE, a Delaware company

      Defendant.

---

## PLAINTIFF'S FIRST VERIFIED COMPLAINT

Plaintiffs TYLER SLANKARD, by and through his attorneys at Bryan E. Kuhn, P.C., as and for Plaintiff's First Verified Complaint in this action against Defendant HCA HEALTHCARE, LLC d/b/a HEALTHONE alleges upon personal knowledge and upon information and belief as to other matters as follows:

### PRELIMINARY STATEMENT

1.    This is an employment discrimination suit brought by a former employee of Defendant HealthONE, who was retaliated against for engaging in the protected activity of taking intermittent Family and Medical Leave Act ("FMLA") leave and wrongfully terminated in violation of public policy for participating in his spouse's Worker's Compensation claim with Defendant.

2.     Defendant's unlawful conduct was knowing, malicious, willful, and wanton and/or showed a reckless disregard for Plaintiff's protected rights, which has caused and continues to cause Plaintiff to suffer substantial economic and non-economic damages.

## PARTIES

3.     Plaintiff, TYLER M. SLANKARD, ("Plaintiff Slankard") is a citizen of Adams County, who presently resides at 748 Blue River Ct., Brighton, CO 80601.

4.     Defendant, HCA HEALTHCARE, LLC d/b/a HEALTHONE, ("Defendant" or "HealthONE") is Delaware for-profit company with its principal place of business at One Park Plaza, Nashville, TN 37203.

5.     Defendant does business in the state of Colorado with a registered agent located at 7700 E. Arapahoe Rd. Ste. 220, Centennial, CO 80112-1268.

6.     At all relevant times, Tyler Slankard was an "employee" pursuant to 29 U.S.C. § 2611(2).

7.     At all relevant times hereto, HealthONE met the definition of "employer" under 29 U.S.C. § 2611(4).

## JURISDICTION AND VENUE

8.     This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343.

9.     This Court has supplemental jurisdiction over Plaintiff's related state law claims pursuant to 28 U.S.C. § 1367(a).

10.     Additionally, this Court has jurisdiction over Defendant as the complained of unlawful employment practices occurred in Colorado and Defendant does business in Colorado.

11.     Venue is proper in the district pursuant to 28 U.S.C. § 1391 because the unlawful employment practices occurred in this district.

**FACTUAL ALLEGATIONS**

12.     On or about June 18, 2019, Plaintiff Slankard began his employment with Defendant HealthONE as a Patient Care Technician ("PCT") at Presbyterian St. Luke's Hospital.

13.     In Colorado, the COVID-19 pandemic onset on or around March 2020, in which Mr. Slankard's hospital was overrun with treating COVID-19 infected patients.

14.     During this time, Mr. Slankard's spouse, Ricky Todd Slankard ("Todd Slankard") was also employed by Defendant as a Registered Nurse ("RN").

15.     In October 2020, both Mr. Slankard and his spouse, Todd, contracted COVID-19 due to exposure through their respective employment positions.

16.     While Tyler and Todd were quarantining, they both filed for continuous leave pursuant to the Family Medical Leave Act ("FMLA"), which Defendant approved.

17.     On or about January 16, 2021, Mr. Slankard returned to work with Defendant.

18.     However, Todd continued to suffer complications from his battle with COVID-19, including serious neurological and cardiovascular complications, diabetes, and sleep apnea, requiring increased supervision by Tyler.

19.     In mid-January 2021, Tyler notified his manager, Jordan Venteicher, of Todd's medical condition and recurring episodes or "neuro storms" that required Tyler's emergency care and attention.

20.     As such, Tyler had no other choice but to seek intermittent FMLA leave to care for his seriously ill spouse, which was granted from February 5, 2021, to August 4, 2021.

21.     While Todd was on short term disability leave, the Slankards' filed a Worker's Compensation claim to survive financially, as Todd's medical expenses continued to grow. The claim was overseen by John Goerke, Defendant's Associate Chief Nursing Officer.

22.     However, Defendant contested Todd's claim, leading to a highly contentious and hostile work environment for Tyler. On March 30, 2021, Andrew Leveque, Vice President of Human Resources, met with Tyler to specifically discuss Todd's Worker's Compensation claim.

23.     Around this same time, Mr. Slankard was promoted to Lead Patient Care Technician ("LPCT").

24.     Following Mr. Slankard's discussion of his spouse's Worker's Compensation claim, Mr. Goerke launched an investigation into Mr. Slankard's job performance due to allegedly anonymous complaints. On or about July 8, 2021, John Goerke, David Leslie, Chief Nursing Officer, Tamara Rychok, Clinical Nurse Coordinator, and Natalie Beshaw, Human Resources Business Partner, met with Tyler, notifying him that he was suspended without pay while they investigated his performance. During the investigation, Tyler informed Mr. Goerke that he previously discussed this topic with his direct supervisor, Ms. Venteicher, and resolved the confusion accordingly. When Tyler was accused of adding volume to a patient pump and/or reprogramming a pump, Tyler adamantly denied performing any of these responsibilities.

25.     Shortly thereafter, on or about July 12, 2021, Tyler was terminated for "practicing outside his scope" as the company recently "changed policy" on what patient care technicians could and could not do. Notably, Defendant failed to provide him a probationary period or opportunity for redress. Plaintiff was only provided with a copy of the investigation report after he made three separate requests to human resources.

26.     On the date of termination, Tyler was still on approved intermittent FMLA leave.

27.     Mr. Slankard's spouse, Todd, remains employed by Defendant on unpaid leave. Todd's Worker's Compensation claim has yet to be adjudicated.

## FIRST CLAIM FOR RELIEF
### (*Family Medical Leave Act 29 U.S.C. § 2615 – Interference*)

28.     Plaintiff realleges and incorporates by reference paragraphs 1 through 27 above as if set forth in full herein.

29.     Plaintiff was eligible for FMLA protection, and the Defendant was a covered employer as defined by the FMLA.

30.     Plaintiff was entitled to leave under the FMLA, and he provided sufficient notifce of his intent to take such leave.

31.     Defendant interfered with Plaintiff's exercise of FMLA rights by terminating the Plaintiff while he was on approved FMLA leave, to which he was entitled.

32.     Defendant's interference caused prejudice to Plaintiff in that he experienced an adverse employment resulting in loss of compensation by reason of Defendant's violation.

33.     Defendant would not have made its decision to terminate Plaintiff's employment had Plaintiff not exercised his right to take leave under the FMLA.

34.     As a direct, proximate, and foreseeable result of Defendant's intentional violations, the Plaintiff has suffered damages in an amount to be proven at trial.

## SECOND CLAIM FOR RELIEF
### (*Family Medical Leave Act 29 U.S.C. § 2615 – Retaliation*)

35.     Plaintiff realleges and incorporates by reference paragraphs 1 through 66 above as if set forth in full herein.

36.     Plaintiff engaged in an activity protected by the FMLA, and the exercise of his protected rights was known to Defendant.

37.     Defendant took an adverse employment action against Plaintiff in temporal proximity to the protected activity, and there was a causal connection between the protected activity and the adverse employment action.

38.     Defendant would not have made its decision to terminate Plaintiff's employment had Plaintiff not exercised his right to request leave under the FMLA.

39.     As a direct, proximate, and foreseeable result of Defendant's intentional violations, the Plaintiff has suffered damages in an amount to be proven at trial.

### THIRD CLAIM FOR RELIEF
*(Wrongful Termination in Violation of Public Policy)*

40.     Plaintiff realleges and incorporates by reference paragraphs 1 through 66 above as if set forth in full herein.

41.     Plaintiff is an "employee" pursuant to Colo. Rev. Stat. Section 8-401-201(6) and Defendant is an "employer" for purposes of Colo. Rev. Stat. Section 8-40-201(7).

42.     During the course of employment, Plaintiff complained about discrimination and harassment in the workplace, which was an exercise of his statutory, regulatory or rule based rights and an exercise of an important work-related right because he reasonably believed that he had the right to complain about illegal conduct in his workplace as an employee.

43.     Defendant's actions violate Colo. Rev. Stat. Section 8-40-201 and Defendant's conduct is in violation of clearly expressed public policy regarding Plaintiff's rights or privileges as a worker.

44.     Defendant was aware or reasonably should have been aware that Plaintiff reasonably believed he had a right to discuss and participate in Plaintiff's spouse's Worker's Compensation claim.

45.     The Defendant discharged the Plaintiff because he exercised his right or privilege to engage in dialogue regarding his spouse's ongoing Worker's Compensation proceedings with Defendant.

46.     As a direct, proximate, and foreseeable result of Defendant's intentional actions in this regard, the Plaintiff has suffered damages in an amount to be proven at trial.

## FOURTH CLAIM FOR RELIEF
### (*Promissory Estoppel*)

47.     Plaintiff realleges and incorporates by reference paragraphs 1 through 46 above as if set forth in full herein.

48.     Through its actions and words Defendant made representations that it reasonably knew, or should have known, would cause the Plaintiff to believe the Defendant had made enforceable promises to provide him with a probationary period or opportunity to remedy any performance errors.

49.     Plaintiff acted in reliance upon and to his detriment on the Defendant's statements or actions by returning to work for Defendant.

50.     Injustice can only be avoided by enforcing the implied conract or promise.

51.     As a direct result of Defendant's breach, the Plaintiff has incurred damages in an amount to be proven at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that an award be issued in his favor against Defendants, and Order the following relief:

    a.   Front pay and benefits

    b.   Back pay, benefits, and other economic losses;

c.  An order directing Defendant to place Plaintiff in the position he would have occupied but for Defendant's unlawful treatment of Plaintiff, as well as to take such affirmative action as is necessary to ensure that the effects of these unlawful employment practices and other unlawful conduct are eliminated and do not continue to affect Plaintiff;

d.  An award of damages in an amount to be determined at trial, plus prejudgment interest, to compensate Plaintiff for harm to Plaintiff's professional and personal reputation and loss of career fulfillment;

e.  Compensatory damages, including but not limited to those for emotional distress;

f.  Liquidated damages on all claims allowed by law;

g.  Punitive and exemplary damages as allowed by law;

h.  Relevant statutory damages;

i.  Pre-judgment and post-judgment interest at the highest lawful rate;

j.  An award of costs that Plaintiff has incurred in this action, as well as Plaintiff's reasonable attorney's fees to the fullest extent permitted by law; and

k.  Such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues of fact and damages stated herein.

Respectfully submitted on 3rd day of December, 2021

BRYAN E. KUHN, COUNSELOR AT LAW, P.C.

*Original pleading bearing original signature maintained in the offices of Bryan E. Kuhn, Counselor at Law, P.C.*

/s Adriana Levandowski
Adriana Levandowski, Esq. #55825
1660 Lincoln Street, Suite 2330

Denver, Colorado 80264
(p) (303)424-4286 (f) (303)425-4013
adriana.levandowski@beklegal.com
ATTORNEYS FOR PLAINTIFF

I declare under penalty of perjury that I have read this above Complaint and the statements contained in it are true and correct to the best of my knowledge and belief.

Date: December 2, 2021

Tyler M. Slankard

Subscribed and sworn to before me in the county of _Adams_, State of Colorado, this _2_ day of _December_ 2021.

My commission expires on: March 28, 2023

KRISTIN MARIE SALDANA
NOTARY PUBLIC
STATE OF COLORADO
NOTARY ID 20194012156
MY COMMISSION EXPIRES MARCH 28, 2023

Kristin Saldana
Notary